UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TANEKA STONEMAN,

    Plaintiff,

v.                                      CIVIL ACTION NO.  5:21-cv-00147

C.O. BEAR *individually, and in her
official capacity*,
C.O. BROWN *individually,
and in her official capacity*,
C.O. JOHN and JANE DOE I-X *individually, and in
their official capacity; and the*
WEST VIRGINIA SOUTHERN REGIONAL JAIL
AND CORRECTIONAL FACILITY AUTHORITY
*an agency of the State of West Virginia*; *and*
JOHN DOE *unknown person or persons*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss, filed March 3, 2021. [Doc. 3].  Also pending is Defendants C.O. Bare and C.O. Brown's Motion to Dismiss, filed April 8, 2021. [Doc. 9].  At the Court's direction, Plaintiff Taneka Stoneman responded on November 15, 2021, [Docs. 36 and 37].  [Docs. 24 and 30].

I.

Ms. Stoneman was incarcerated at Southern Regional Jail from July 15 to 20, 2020. Ms. Stoneman had been arrested and was awaiting a probation revocation hearing.  She alleges C.O. Brown denied her a shower, slammed her head into a wall, gave her an inadequate bag of

necessities, deactivated her phone and commissary privileges, threatened to deactivate her access card, refused to provide her necessities to shower, and called her a derogatory name. She contends that C.O. Bare grabbed her, shoved her in a cell causing the loss of a tooth, and shoved her into a wall causing bruising and an open wound on her hand. [Doc. 1-1].

On February 26, 2021, Ms. Stoneman instituted this action in the Circuit Court of Raleigh County. She alleges violations of the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983 against the "West Virginia Division of Corrections and Rehabilitation"[1], Correctional Officer "Bear"[2], Correctional Officer Brown ("C.O. Brown"), Correctional Officers John Doe and Jane Doe I-X, individually and in their official capacities, and John Doe ("John Does"). Only West Virginia Division of Corrections and Rehabilitation ("WVDCR"), C.O. Bare, and C.O. Brown have appeared. WVDCR removed on February 26, 2021. [Doc. 1]. Ms. Stoneman further alleges against the same Defendants violations of her rights under Article Three of the West Virginia Constitution and state law tort claims for outrageous conduct, intentional infliction of emotional distress ("IIED"), invasion of privacy, and harassment. [*Id.*].

The WVDCR filed a Motion to Dismiss on March 3, 2021. [Doc. 4]. WVDCR contends that Ms. Stoneman's constitutional violations are alleged only against the correctional officers and vicarious liability is prohibited. Were it otherwise, WVDCR asserts it is entitled to qualified immunity. WVDCR further contends Ms. Stoneman failed to allege plausible claims for conspiracy and IIED. [Doc. 4]. Ms. Stoneman responds her Complaint sets forth claims for IIED.

---

[1] Ms. Stoneman incorrectly named this party. It is properly referred to as the West Virginia Division of Corrections and Rehabilitation. The style is amended to conform.

[2] Ms. Stoneman incorrectly named this party. Her surname is Bare, and she is referred to throughout as C.O. Bare. The style is amended to conform.

She further contends her Complaint establishes that WVDCR employed C.O. Bare and C.O. Brown at the time of her injuries, and the officers used excessive force against her; therefore, she asserts WVDCR is liable and not entitled to qualified immunity. [Doc. 36].

Defendants C.O. Bare and C.O. Brown filed a Motion to Dismiss on April 8, 2021. [Doc. 10]. They contend the official capacity claims duplicate the claims against WVDCR. Were it otherwise, they assert qualified immunity. The Defendants additionally assert Ms. Stoneman may not recover monetary damages for violations of the West Virginia Constitution and has not alleged plausible tort claims. [Doc. 10]. Ms. Stoneman responds she has sufficiently pled that C.O. Bare and C.O. Brown engaged in conduct constituting assault and battery and the tort of outrage. Further, she contends C.O. Bare and C.O. Brown are not entitled to qualified immunity, and they violated her Fourteenth and Eighth Amendment rights. [Doc. 37].

## II.

**A.    Motion to Dismiss**

Rule 8(a)(2) of the *Federal Rules of Civil Procedure* requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562–63); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than

labels and conclusions." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. North Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**B.    42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 governs actions against state officers for certain civil rights violations as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

>be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Neither a state nor its instrumentalities -- such as public agencies -- qualify as "person[s]" under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment bars damage actions against these same entities. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Edelman v. Jordan*, 415 U.S. 651 (1974) (barring retrospective relief under 42 U.S.C. § 1983). A state actor sued in her individual capacity for monetary damages, however, generally qualifies as a suable "person" under § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

A state actor sued under § 1983 in her individual capacity, however, may be entitled to qualified immunity. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity is available only to those who do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotation marks and alteration omitted). The Supreme Court does not "require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011).

### III.

**A.  WVDCR's Motion to Dismiss**

As noted, § 1983 authorizes suits against a "person." WVDCR is a West Virginia

agency and thus a state instrumentality. W. Va. Code § 15A-3-2. It does not qualify as a "person" under § 1983. Furthermore, it is apparent that the WVDCR is an agency of the State of West Virginia and hence immune from suit entirely in this Court under the Eleventh Amendment.

Accordingly, the Court **GRANTS** WVDCR's Motion to Dismiss [Doc. 4].

**B.      C.O. Bare and C.O. Brown's Motion to Dismiss**

C.O. Bare and C.O. Brown contend the claims against them in their official capacities fail as the claims are properly understood as claims against the WVDCR. They are correct.

Respecting the individual capacity claims, C.O. Bare and C.O. Brown assert that Ms. Stoneman fails to plead plausible claims for violations of the West Virginia Constitution or for conspiracy, assault, battery, or outrageous conduct. Ms. Stoneman responds that she has pled plausible claims, at a minimum, for assault, battery, and outrageous conduct.

C.O. Bare and C.O. Brown are entitled to qualified immunity on the federal claims if they did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. The first question is whether C.O. Bare and C.O. Brown violated Ms. Stoneman's constitutional rights. The second question is whether those constitutional rights were clearly established at the time of the violation.

Ms. Stoneman claims C.O. Bare and C.O. Brown violated her rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution. This scattergun, unstudied approach confuses the inquiry. Given Ms. Stoneman's status as a "pretrial" detainee awaiting adjudication of her alleged probation violation, the Fourteenth Amendment is the only constitutional provision conceivably applicable. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992) (citing *Martin v. Gentile*, 849 F.2d

863, 870 (4th Cir.1988). The inquiry with respect to conditions of confinement is whether those conditions amount to punishment of the pre-trial detainee, as due process proscribes punishment of a detainee before proper adjudication of guilt. *See Bell*, 441 U.S. at 535.

And it is noted at the outset that not all intrusions upon privacy and bodily integrity are unreasonable in the detention context:

> The fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

*Id.* at 537. It is for this reason that providing unstated "necessities," interrupting a phone call, and having to temporarily sleep on the floor, are not actionable on the allegations made. No constitutional right is alleged for these asserted deprivations and the qualified immunity analysis as to them ends there.

An entirely different analysis, however, applies to events such as injuring Ms. Stoneman's lip with the phone she was using, slamming her head into the wall and causing tooth loss, and then causing another wound to her head among other events. These actionable Fourteenth Amendment claims of physical "abuse" at the hands of C.O. Bare and C.O. Brown depend upon Ms. Stoneman showing "that the force purposely or knowingly used against [her] was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *Dilworth v. Adams*, 841 F.3d 246, 255 (4th Cir. 2016).

Several factors "bear on the reasonableness or unreasonableness of the force used," namely:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397. Courts must assess objective reasonableness "from the perspective of a reasonable [correctional] officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* In addition, courts must account for the government's legitimate interests in managing the facility, "appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (internal quotation marks and brackets omitted). Further, in assessing objective reasonableness, a court should view the use of force "in full context, with an eye toward the proportionality of the force in light of all the circumstances." *Smith v. Ray*, 781 F.3d 95, 101-02 (4th Cir. 2015) (*citing Waterman v. Batton*, 393 F.3d 471, 481 (4th Cir. 2005)); *T.W. ex rel. E.W. v. Dolgos*, 884 F.3d 172, 179 (4th Cir. 2018).

Nevertheless, "[i]n considering the reasonableness of an officer's actions, [the court] must consider the facts at the moment that the challenged force was employed." *Ray*, 781 F.3d at 101. Foremost, "the reasonableness of force employed can turn on a change of circumstances during an encounter lasting only a few seconds." *Harris v. Pittman*, 927 F.3d 266, 274 (4th Cir. 2019) (*citing Waterman*, 393 F.3d at 481); *Betton v. Belue*, 942 F.3d 184, 191 (4th Cir. 2019). And the United States Court of Appeals for the Fourth Circuit "ha[s] made clear that the justification for using protective force expires at the very moment a threat is neutralized." *Dean v. Jones*, 984 F.3d 295, 305 (4th Cir. 2021) (explaining that, "[o]nce [the plaintiff] was subdued and [the defendant officer] no longer had reason to fear for officer or public safety, the use of force became unnecessary and unjustified -- even if all of that transpired merely seconds after [the plaintiff] head-butted [the defendant officer]"); *see also, e.g.*, *Waterman*, 393 F.3d at 481 ("[F]orce justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated.").

The circumstances surrounding the abuse are unclear. The Court is unable to assess the actions of the correctional officers, namely, whether they were acting under their lawful authority to maintain order or, instead, gratuitously inflicting an unreasonable amount of force upon Ms. Stoneman. Taking the allegations of the complaint as true, it does not appear there was any justification for the assault upon Ms. Stoneman. An assault under such circumstances would not only violate Ms. Stoneman's Fourteenth Amendment rights but do so in contravention of clearly established law. Furthermore, such an assault would properly give rise to the state constitutional and tort claims Ms. Stoneman has alleged. In view of the obligation at this stage to credit entirely Ms. Stoneman's version of the events that transpired, she has pled plausible claims for relief that are not susceptible to disposition on qualified immunity grounds.

Accordingly, the Court **GRANTS** C.O. Bare and C.O. Brown's Motion to Dismiss [Doc. 10] respecting the official capacity claims and **DENIES** the residue of the motion.

### IV.

Based upon the foregoing discussion, the Court **GRANTS** WVDCR's Motion to Dismiss. **[Doc. 3].** C.O. Bare and C.O. Brown's Motion to Dismiss is **GRANTED** as to the official capacity claims and **DENIED** as to its residue. **[Doc. 9].**

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: January 18, 2022



Frank W. Volk
United States District Judge