# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

TANEKA STONEMAN,

      Plaintiff,

v.                               CIVIL ACTION NO. 5:21-cv-00147

C.O. BROWN *individually,*
*and in her official capacity*, C.O. JOHN
and JANE DOE I-X *individually, and in*
*their official capacity;* JOHN DOE, *unknown*
*person or persons*, WEST VIRGINIA DIVISION
OF CORRECTIONS AND REHABILITATION,
and C.O. BARE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      Pending are Defendants' C.O. Bare and C.O. Brown's Motion to Exceed Page Limit for Supporting Legal Memoranda [Doc. 93], Motion to Seal Exhibits to Their Motion for Summary Judgment [Doc. 94], and Revised Motion to Seal Exhibits 4, 6, 7, and 8 to Motion for Summary Judgment [Doc. 95].

## I.

      While documents may be protected if they contain trade secrets or other confidential information, "[o]nce documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose their status of being raw fruits of discovery.'" *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). Accordingly, the court will not

seal a document simply because the parties have designated that document as "Confidential." A motion to seal must be filed.

According to Local Rule of Civil Procedure 26.4(c)(2), a motion to seal must be accompanied by a memorandum of law that contains "(A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals." LOC. R. CIV. P. 26.4(c)(2). The court will only seal documents when "exceptional circumstances" are present. LOC. R. CIV. P. 26.4(b)(1). To determine whether the materials should be sealed, the court will weigh the public's First Amendment and common law rights of access against the interests of the party seeking continued confidentiality. *See Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004); *United States v. Doe*, 962 F.3d 139, 145-46 (4th Cir. 2020).

The common law right affords presumptive access to all judicial records and documents. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *Stone v. University of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Materials that fall within the common law right may be sealed only if competing interests outweigh the public's right of access. Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to it." LOC. R. CIV. P. 26.4(b)(1).

The public's First Amendment right of access can only be overcome when "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-07 (1982); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986); *Virginia Dept. of State Police v.*

2

*Washington Post*, 386 F.3d 567, 573 (4th Cir. 2004).

In a concurring opinion, the Fourth Circuit provided some procedural guidance to district courts for the sealing of documents:

> First, the judicial officer must "state the reasons for [her] decision to seal supported by specific findings." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "The judicial officer may explicitly adopt the facts that the government presents to justify sealing . . . [b]ut the decision to seal must be made by the judicial officer." *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989). Second, "the judicial officer must consider alternatives to sealing the documents. This ordinarily involves disclosing some of the documents or giving access to a redacted version." *Id.* at 66 (citations omitted). Third, a judicial officer must give notice to the public by docketing the order sealing the documents. *Id*. at 65. All of these procedures "must be followed *when a [judicial officer] seals judicial records* or documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 179-80 (4th Cir. 1988) (emphasis added).

*Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 435 (4th Cir. 2005) (Michael, J., concurring) (emphasis original).

## II.

C.O. Bare and C.O. Brown provided no memorandum of law in support of their motion to seal. They assert the Protective Order [Doc. 20] limits disclosure of confidential documents. C.O. Bare and C.O. Brown intend to use confidential documents as exhibits to their summary judgment motion. [Doc. 94 at 1].

Under the Protective Order, parties may designate documents produced during discovery as "confidential." [Doc. 20 at 1-2]. If a party wishes to file or use a confidential document, the party must provide reasonable notice to the party who produced the document. "The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the '**CONFIDENTIAL**' marking, or (b) creating a mutually acceptable

3

redacted version that suffices for purposes of the case." [*Id.* at 3]. If parties cannot come to an acceptable solution, then the parties may present the issue to the Court. [*Id.* at 4].

There is no indication parties have attempted an informal resolution prior to bringing this matter to the Court. Regardless, C.O. Bare and C.O. Brown have not demonstrated with controlling precedent that a sealing order is authorized by law for exhibits attached to their motion for summary judgment. For this reason, the Court hereby **DENIES** Defendants' Motion to Seal Exhibits to Their Motion for Summary Judgment and Revised Motion to Seal Exhibits 4, 6, 7, and 8 **[Docs. 94, 95]**. Any disputes over filing confidential documents must be resolved by the terms of the Protective Order. Further, Defendants' Motion to Exceed Page Limit for Supporting Legal Memoranda is hereby **DENIED**. **[Doc. 93]**.

Inasmuch as Defendants filed their Motion for Summary Judgment and accompanying memorandum of law on April 21, 2022, the Court hereby **STRIKES** Defendants' noncompliant memorandum of law **[Doc. 97]** and exhibits attached to the revised motion to seal **[Doc. 95]**. Defendants shall have until **April 29, 2022**, to file a memorandum of law with accompanying exhibits in compliance with this Order. Plaintiff shall have leave to seek additional time to file her response, if necessary, in accordance with the Court's revised briefing schedule.

The Clerk is directed to transmit a copy of this Order to all counsel of record and any unrepresented parties.

ENTER:         April 25, 2022

Frank W. Volk
United States District Judge