# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

TANEKA STONEMAN,

    Plaintiff,

v.                                                          CIVIL ACTION NO. 5:21-cv-00147

C.O. BROWN *individually,*
*and in her official capacity*, C.O. JOHN
and JANE DOE I-X *individually, and in*
*their official capacity;* JOHN DOE, *unknown*
*person or persons*, WEST VIRGINIA DIVISION
OF CORRECTIONS AND REHABILITATION,
and C.O. BARE,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Pending is Defendants C.O. Bare and C.O. Brown's Second Amended Motion to Seal Exhibits Identified as Numbers 4, 6, 7, and 8 to Their Amended Motion for Summary Judgment [Doc. 99]. The Exhibits contain Plaintiff's medical records and a facility video. Ms. Stoneman's medical records contain information following and prior to her incarceration. The facility video depicts the booking area from multiple angles on the date of the alleged incident.

The common law right affords presumptive access to all judicial records and documents. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *Stone v. University of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Materials that fall within the common law right may be sealed only if competing interests outweigh the public's right of access. Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to it." Loc. R. Civ. P. 26.4(b)(1). The public's First Amendment right of access can only be overcome when "the denial [of access] is necessitated by a compelling

governmental interest, and is narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-07 (1982); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986); *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 573 (4th Cir. 2004).

When a sealing request is made, the court "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Washington Post*, 386 F.3d at 576 (internal citation omitted). The Court must also (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing;" and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.* Defendants contend the public does not have an interest in Ms. Stoneman's medical records, and the facility video should be sealed, inasmuch as public disclosure of the video could create security issues. [Doc. 100 at 3]. The public has had notice of this motion, inasmuch as it was filed on the CM/ECF system on April 19, 2022.[1]

### I.

In support of the motion to seal the facility video, Defendants rely upon *W. Va. Reg'l Jail & Corr. Facility Auth. v. Marcum*, 799 S.E.2d 540 (W.Va. 2017). In *Marcum*, the West Virginia Supreme Court of Appeals concluded a videotape of the cell extraction of an inmate was not subject to disclosure under the West Virginia Freedom of Information Act. *Id.* at 548. Marcum filed a civil action in state court against the regional jail for alleged injuries after a cell extraction.

---

[1] The motion for consideration in this opinion is the second amended motion filed concerning seal of exhibits attached to Defendants' Motion for Summary Judgment, filed April 26, 2022. The first motion was filed April 19, 2022, [Doc. 94], and the revised motion was filed April 21, 2022. [Doc. 95]. The second amended motion was filed after the Court denied the motion and revised motion for failure to include a memorandum of law in support thereof. [Doc. 98]. Thus, the public has actually had notice of the motion since April 19, 2022, when the motion was initially filed.

The matter was removed to federal court. Through the discovery process, Marcum requested a copy of the videotape depicting the extraction, and the regional jail agreed to disclose the videotape subject to a protective order. Marcum refused, instead seeking the videotape under the Freedom of Information Act ("FOIA"). The regional jail refused to disclose the videotape under FOIA, claiming it was exempt under the West Virginia statute. *Id.* at 543. Marcum filed suit in state court for a preliminary injunction and declaratory relief against the regional jail to obtain the videotape under FOIA. The court held under W. Va. Code § 29B-1-4(a)(19), the applicable West Virginia FOIA provision, that the disclosure of a videotape displaying the design of a facility and its operational procedures could create security issues, such as inmate escape or harm to others. *Id.* at 548. Footnote 12 of *Marcum* reads, as follows:

> We should note that, even though the videotape is exempt from disclosure under FOIA, this does not preclude its disclosure under the discovery rules in a civil lawsuit. *See* Syl. pt. 2, *Maclay v. Jones*, 208 W.Va. 569, 542 S.E.2d 83 (2000) ("The provisions of this state's Freedom of Information Act, West Virginia Code §§ 29B–1–1 to –7 (1998), which address confidentiality as to the public generally, were not intended to shield law enforcement investigatory materials from a legitimate discovery request when such information is otherwise subject to discovery in the course of civil proceedings."). . . . Such sensitive information may be disclosed in a civil lawsuit because a trial court can impose restrictions on its dissemination and use through a protective order. As we noted previously, the Regional Jail was prepared to turn over the videotape under a protective order. Obviously our holding does not remove this offer from the table.

*Id.* The court's holding is applicable to FOIA disclosures. If the holding was not clear enough, the footnote reiterates it only applies to disclosures under FOIA, not the civil discovery rules.

Here, the Court entered a Protective Order setting forth the terms for handling confidential documents on September 9, 2021. [Doc. 20]. The West Virginia Division of Corrections and Rehabilitation disclosed the videotape in discovery prior to its dismissal from the case. [Doc. 100 at 2 – 3]. This method of disclosure for a facility videotape was implicitly endorsed by the West Virginia Supreme Court of Appeals in *Marcum*, so Defendants' reliance on that case

to support its argument in favor of sealing is misplaced. Further, the Court's discussion only goes so far as the discovery process; it says nothing about the videotape's inclusion as an exhibit to a summary judgment motion, as it is here.

The United States Court of Appeals for the Fourth Circuit has previously held, "[o]nce documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose their status of being raw fruits of discovery.'" *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). In *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004), the documents at issue related to an active, ongoing murder investigation, which was reopened after a convicted person was pardoned for the same. The Virginia Department of State Police disclosed the documents pursuant to a subpoena *duces tecum* and subject to a protective order. The documents were later unsealed after the Washington Post published the identity of the current suspect in the investigation. *Id.* at 571 – 73. Virginia later challenged the order unsealing the documents after those documents were filed or addressed in summary judgment filings. *Id.* at 576. Our Court of Appeals concluded, consistent with *Rushford*, sealing of documents filed in connection with a motion for summary judgment is controlled by the First Amendment's presumptive public right of access standard, so Virginia was required to provide a compelling governmental interest to keep the documents sealed. It further concluded Virginia's interest in protecting the integrity of the murder investigation after most of the information was publicly disclosed was not a compelling governmental interest to override the constitutional right of access. *Id.* at 578 – 79.

The First Amendment right of access is at issue here, and the compelling governmental interest asserted by Defendants is the same security interest discussed in *Marcum*. [Doc. 100 at 3]. The Court finds those security concerns insufficiently compelling to overcome the

First Amendment right of access. The facility video at issue depicts the booking area and a gate. Unlike the video in *Marcum*, this video does not depict secretive, extremely secure areas of the facility where inmates are housed for long periods or engage in day-to-day activities. Instead, this video shows a busy, less controlled area where inmates use the phone, correctional officers and support staff handle paperwork, nurses administer medication, inmates walk around freely and wait to be moved to housing, police officers enter and exit, among other activities not shown in the video. The five cameras also do not show a large portion of the facility, but a large expanse of the booking area itself from multiple angles.

In sum, the booking area is a commonly used, open area with which all inmates would be familiar; and the videos depict the time and circumstances central to this action. The security concerns identified in *Marcum* are not reproduced here. And the public's interest in the video depicting actions alleged in Ms. Stoneman's Complaint outweighs Defendants' desire to prevent disclosure. Thus, Defendants have not presented a compelling governmental interest to overcome the presumptive First Amendment right of access.

## II.

As to Ms. Stoneman's medical records, Defendants state the medical records contain documentation of medical care and information both following and prior to her incarceration. Defendants contend these records are confidential pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). They further state the public does not have a legitimate interest in accessing Ms. Stoneman's medical records. [Doc. 100 at 4].

Because the medical records were attached to the motion for summary judgment, the First Amendment standard applies. Ms. Stoneman provided her consent, in compliance with

HIPAA, to the disclosure of her medical records in connection with this litigation. [Doc. 100 at 3]. HIPAA provides medical records may be used in a court proceeding if the patient provides her consent. 42 U.S.C. § 290dd-2(c). Thus, since Ms. Stoneman has executed valid consent to disclose her medical records, this is not a basis for sealing. Further, HIPAA, a statutory scheme, cannot overcome the First Amendment presumption of access. Ms. Stoneman contends she sustained several injuries from the Defendants' alleged conduct. She has thus placed her medical condition at issue. Her medical condition before and after incarceration is significant both on grounds of causation and damages. Defendants have thus not demonstrated a compelling governmental interest to keep these records under seal.

In an abundance of caution, however, the Court will maintain the aforementioned medical records under seal to allow Plaintiff to respond to this Order, if she so desires, on or before May 12, 2022.

### III.

Accordingly, the Court **ORDERS** Defendants' Second Amended Motion to Seal Exhibits Identified as Numbers 4, 6, 7, and 8 to Their Amended Motion for Summary Judgment is hereby **DENIED** to the extent earlier stated and **GRANTED** provisionally respecting the medical records awaiting Plaintiff's response, if any. **[Doc. 99]**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 6, 2022



Frank W. Volk
United States District Judge